179 N.J. Super. 139 (1981)
430 A.2d 962
ROSEMARIE DUBLER AND WILLIAM DUBLER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
LELAND M. STETSER, M.D., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1981.
Decided May 22, 1981.
*140 Before Judges ALLCORN, PRESSLER and FURMAN.
M. Jefferson Davis argued the cause for appellants (Reiners & Davis, attorneys; Edward F. Borden, Jr., on the brief).
*141 David M. Mayfield argued the cause for respondent (Martin, Crawshaw & Mayfield, attorneys; David M. Mayfield and Linton W. Turner, Jr., on the brief).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
It is our conviction that, under the terms and intendment of R. 4:21-5(e), the full findings of the medical malpractice panel, when unanimous, properly may be introduced into evidence at the trial by any party to the litigation who also was party to the panel hearing  accompanied by an appropriate cautionary instruction along the lines of the limitations prescribed in the last sentence of subsection (e) of R. 4:21-5.
Inasmuch as we deem the exclusion of the panel findings to constitute prejudicial error warranting a new trial, we take occasion to express our views on two other issues raised on this appeal.
When instructing the jury as to its treatment of the panel findings, it is obviously essential for the trial judge to explicate the function of the malpractice panel. In this regard, we believe it only proper for the judge to set forth the identity of each of the three panel members  as to profession only, however, and not by name. The findings of the panel would be virtually meaningless were the jury not aware of the occupations of the panel members.
So far as concerns the exclusion of the proffered proof of a statement made by the defendant at the panel hearing which was assertedly inconsistent with his testimony at the trial, and upon a deposition, we are satisfied that the exclusion was proper. Plainly, the panel procedure contemplates and specifically forbids such practice. The pertinent portion of R. 4:21-5(a) provides:
The hearing shall be informal and without a verbatim record, either official or unofficial. Except as otherwise provided in this section, no statement or expression of opinion shall be admissible in evidence either as an admission or otherwise in any trial of the action. ... [Emphasis added]
*142 Accordingly, the judgment of the Law Division is reversed and the cause is remanded to the Law Division for a new trial.