LYDIA KOCH AND STEPHEN KOCH, PLAINTIFFS, v. COMMUNI-
TY MEMORIAL HOSPITAL, R. CONNOLLY, M.D., GEORGE
NARYSHKIN, M.D., FRANK J. MALTA, M.D., AND LOUIS G.
CIAN, M.D., DEFENDANTS.

Superior Court of New Jersey
Law Division Ocean County

Decided February 23, 1982.

*Andrew V. Clark* for plaintiffs (*Seaman, Clark, Levine & Addy,* attorneys).

*Martin J. McGreevey* for defendants Connolly and Naryshkin (*Carton, Nary, Witt & Arvanitis,* attorneys).

HAVEY, J.S.C.

Defendants in this medical malpractice action intend to call as an expert witness at trial the physician panelist who participated in the medical malpractice panel previously held and completed pursuant to *R*.4:21. They seek instructions as to the scope of the panelist's testimony as well as an order precluding plaintiff from deposing him prior to trial.

Plaintiff Lydia Koch's claim of medical malpractice arose as a result of an abdominal hysterectomy alleged to have been performed negligently by defendant Dr. George Naryshkin on February 9, 1978. Defendants Naryshkin and Robert Connolly, M.D., who later treated plaintiff at defendant Community Memorial Hospital, are physicians licensed in this State and specializing in the field of obstetrics and gynecology. The matter was submitted to the medical malpractice panel on September 22, 1981, after which an order and findings were entered by a unanimous panel that plaintiff failed to establish that her claim against either defendant was based on a reasonable medical probability. *R*.4:21–5(e). Thereafter, defendants advised the court and plaintiff that they intended to call the medical panelist as an expert at trial, relying upon *R*.4:21–5(d) which reads:

Expert Witness. The panel may request an additional doctor having particular expertise in the specialty involved to assist it in the determination of the claim. Such doctor shall make a report to the panel. The panel shall determine the fee and expenses to be paid to such doctor and the parties to the hearing shall share equally in such fee and expense. This doctor *and the doctor member of the panel may be called at subsequent trial of the action as a witness by any of the parties.* The party calling such witness at trial shall pay all reasonable fees and expenses of the doctor. [Emphasis supplied]

▮ Plaintiff's position is that the physician panel member, if called to testify during trial, should be restricted to an explanation of the panel proceedings, including its findings and opinion.

The language of the paragraph is general in nature and does not support plaintiff's position. Nothing in *R*.4:21–5(d) or in any other subparagraph of the rule precludes the use of the panelist as an expert to testify as to the acceptable standard of practice or whether there was a deviation therefrom. It pro-

vides for the calling at trial of the specialist used by the panel as well as the medical panelist as witnesses, thereby giving to the litigants a source of expert testimony which they may not otherwise have, or which may give added support to their position.

■  The fact that the panelist is not named as a proposed expert by defendant in answers to interrogatories does not preclude his use at trial. The court's pretrial order specifically circumscribes the use of experts at trial to those experts who have furnished written reports within 90 days from the pretrial date. Ordinarily, such an order would prevent the use of an unnamed expert. R.4:17–4(e). Cf. Goddard v. Orthopedic Consultant Associates, 90 N.J. 437 (1982). It is illogical to conclude that such a limiting order applies to the medical panelist, since it becomes apparent only after the panel hearing and findings that the panelist's testimony may be advantageous to a party. The restrictive order, therefore, does not apply to a medical panelist.

■  Plaintiff seeks to question the panelist at the time of trial not only about his opinions, but wishes to inquire into the basis of the medical malpractice panel's findings that the defendants were not negligent. She relies upon language in Corbo v. Crutchlow, 86 N.J. 68, 69 (1981), which reads:

Finally, whatever the panel's findings, the physician panelist may always be called as a witness at trial by any party, R.4:21–5(d), even for the limited purpose of challenging his credibility, interest or bias and the weight to be accorded the panel report. To this end, he can be closely questioned as to his impartiality in the matter. [at 76]

But Corbo dealt with whether a panelist should be disqualified from sitting on the panel at all because of a pending medical malpractice action against him. The Supreme Court's invitation in Corbo to closely question the medical panelist must be considered in light of the issue before it: whether because of bias on the part of the medical panelist due to a pending malpractice action against him makes the panel findings suspect. It does not, as urged by plaintiff, allow open season in questioning the

panelist about its deliberative process and how the panel as a whole arrived at its findings. The rule does not allow the calling of the nonmedical panelist at trial to be so questioned. It is inappropriate, therefore, that the medical panelist be subjected to questioning about the findings which he was not alone in making. Moreover, *R.*4:21–5(a) states that no statement or expression of opinion made during the panel may be used at trial, even to impeach the credibility of a party or witness. *See Dubler v. Stetser,* 179 *N.J.Super.* 139 (App.Div.1981). The difficult factfinding process carried out by the panelists should be afforded the same confidentiality.

■ Lastly, plaintiff seeks to depose the medical panelist. I am not unmindful of the fact that presiding panel judges may have difficulty in finding medical panelists to participate, and that subjecting the panelist to deposition will make the task even more difficult. But as long as the rule permits the calling of the medical panelist at the time of trial, the party against whom the panelist will testify has just as much right to depose the medical panelist as he does other experts in order to test the weight of his opinions and inquire into the facts upon which the opinions are based. And, if the panelist intends to rely upon material not yet made available to plaintiff, plaintiff is entitled to a written report detailing the panelist's findings, conclusions and opinions to the extent that they are based on the new material. *R.*4:17–4(e).

In summary, the court holds that the defendant is entitled to call the medical panelist notwithstanding the limitations of the pretrial order. His testimony is to be limited to his opinions and the facts upon which he relies in making those opinions. Plaintiff is entitled to depose the panelist and is also entitled to a written report from the panelist if he intends to rely upon new material. The report is to be submitted within 20 days and depositions to be taken within 30 days.